**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES V. WILLIAMS,            )
                              )
    Petitioner,              )    2: 10-CV-00658-PMP-LRL
                              )
vs.                           )
                              )    **ORDER**
BRIAN WILLIAMS, et al.,       )
                              )
    Respondents.             )
_____/

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the Court is respondents' Motion to Dismiss (ECF No. 17), petitioner's Opposition (ECF No. 25) and respondents' Reply (ECF No. 27). Based upon the following discussion, the Motion to Dismiss will be granted in part.

**I.   Procedural History**

Williams was charged on February 12, 2004, with three counts of possession of stolen property. Exhibit 3.[1] Petitioner waived preliminary hearing and pleaded guilty to all three counts two weeks later, on February 26, 2004. Exhibit 5. He was sentenced on March 31, 2004, to three terms of sixty months in prison with parole possibility after twenty-four months. Exhibit 11. The first and second terms to run concurrent to one another and the third to run consecutive to the first. *Id.* He was also ordered to pay restitution in the amount of $375.00. *Id.*

Petitioner appealed his sentence, arguing that the court abused its discretion in ordering

---

[1] The exhibits referenced in this order were submitted by respondents in support of the Motion to Dismiss and are found in the Court's docket at ECF No. 18.

restitution and in sentencing. Exhibit 22. The conviction was affirmed in an order of the Nevada Supreme Court entered July 23, 2004, however the matter was remanded to the district court for reconsideration of the restitution order. Exhibit 27. The matter was addressed and the restitution reduced. Exhibit 34.

A post-conviction petition for writ of habeas corpus was filed on April 20, 2005, raising four claims for relief alleging violations of his federal constitutional rights: (1) counsel failed to interview certain witnesses or investigate sufficiently; (2) petitioner was coerced into pleading guilty; (3) counsel was ineffective in failing to adequately explore petitioner's competence to plead guilty; and (4) the district court was improperly influenced during sentencing by the presence in court of police officers from the repeat offender unit. Exhibit 38. Counsel was appointed and then petitioner, through counsel, withdrew his petition in October 2005. Exhibit 46. No order resolving the petition was entered. The following March, petition filed a second state petition in the district court, raising claims identical to grounds 1, 2 and 4 of the original petition. Exhibit 47. This second petition was denied as a second or successive petition under Nevada Revised Statutes (NRS) 34.810(2). Exhibit 54.

The denial was appealed and the Nevada Supreme Court reversed the court's order denying the second petition as successive and remanded the matter back to the trial court for consideration of the original petition. Exhibit 71. Back in state court, petitioner moved for appointment of counsel and an evidentiary hearing. Exhibit 80. Without addressing those motions, the trial court denied the first petition on the merits. Exhibit 80. The court also addressed the second petition, denying it as duplicative of the first. Exhibit 81. Petitioner appealed both orders. Exhibit 83.

Petitioner's NRAP[2] 3C fast-track statement was filed with the Nevada Supreme Court on February 18, 2009. Exhibit 96. Then on April 7, 2010, petitioner filed another state post-conviction petition attacking the legality of the criminal statute under which he was convicted. Exhibit 98. This third petition was dismissed. Exhibit 103. The Nevada Supreme Court affirmed the trial

---

[2] Nevada Rules of Appellate Procedure.

court's decisions as to the first and second petitions on April 7, 2010.  Exhibit 100.

A federal petition was submitted to this Court on May 28, 2010.  (ECF No. 3) The instant motion to dismiss was filed in response.  (ECF No. 17.)  Respondents attack the petition on several grounds including exhaustion, mootness, duplication of claims, and non-cognizability.  These contentions are considered below.[3]

A.     Exhaustion

Respondents argue that grounds 2, 3 and 4 are unexhausted because petitioner offers this Court new legal bases for the claims and/or new facts to support them.   Petitioner argues that the grounds have all been presented to the state courts and if they were not it was his counsel's fault.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314 F.3d 371, 371 (9th Cir. 2002), *citing  Duncan v. Henry*, 513 U.S. 364, 365 (1995)  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. at  365 (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th

---

[3] Respondents also suggest the federal petition is a "jumbled patchwork of legal and factual arguments within each ground" offering a chart on page 4 of the motion to assist the parties in identifying the various allegations presented.  Because the chart is helpful and available to all, the Court shall adopt the chart and reference it's identifying information in this order.

3

1 Cir.1998). A petitioner can accomplish this by explicitly citing federal law or the decisions of the
2 federal courts. *Sandgathe*, 314 F.3d at 376. A general appeal to a constitutional guarantee is
3 insufficient to present the "substance" of such a federal claim to a state court. *See, Anderson v.*
4 *Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that
5 the "due process ramifications" of an argument might be "self-evident."). However, the Ninth
6 Circuit has held that "for purposes of exhaustion, a citation to a state case analyzing a federal
7 constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue."
8 *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). Finally, even if a petitioner fails to raise a
9 constitutional issue in a manner which a reviewing court would otherwise deem sufficient, the claim
10 is exhausted where the state court actually considered and decided the issue on its own. *Sandgathe*,
11 314 F.3d at 376-77.

12 <u>Ground 2</u>

13 As the heading of this ground for relief, petitioner claims a violation of the Fifth and
14 Fourteenth Amendments' guarantee to a fair trial by means of coercion. He contends his guilty plea
15 was not entered knowingly, intelligently or voluntarily in violation of his right to a fair trial and due
16 process because his decision to plead guilty was "the result of coercion by defense counsel" by
17 means of "constantly being 'informed' that the 'habitual' was hanging over his head" (2a). He
18 suggests ineffective assistance of counsel resulted when counsel became biased, he lost confidence
19 in counsel and communications with counsel ceased (2b). He further argues he was coerced by the
20 tone of a letter written by his counsel a month after he entered his guilty plea (2c) and because his
21 counsel was unprepared for trial (2d).

22 Respondents argue that although he did raise the allegations in subparts (b), (c), and (d) in
23 his post-conviction petition, they were never presented to the Nevada Supreme Court as required to
24 properly exhaust the claims. This assertion is true. Petitioner's brief to the Nevada Supreme Court
25 did not assert these particular facts. *See* Exhibit 96.

26

4

Respondents further argue that petitioner never raised his "denial of a fair trial" theory to the Nevada Supreme Court. This assertion, however, fails, based upon respondents' own legal analysis. In the motion to dismiss, respondents argue that "the right to effective assistance of counsel is one aspect of the right to a fair trial guaranteed by the Due Process Clauses," citing *Strickland v. Washington,* 466 U.S. 668, 684-85 (1984). (ECF No. 17, p. 6.) Thus, the Court finds that citation to *Strickland,* allegations of ineffective assistance of counsel and abuse of discretion by the trial court apprizes the state court that petitioner believed he was denied a fair trial. The Court finds that ground 2 is exhausted except as to subparts (b), (c) and (d).

### Ground 3

Ground 3 claims petitioner was denied his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments because his counsel did not adequately explore his competence to plead guilty. The claim further attacks the state court's handling of the post-conviction petitions I failing to appoint counsel and conduct an evidentiary hearing. Respondents argue that ground 3 is unexhausted because petitioner includes a reference to the Eighth Amendment not previously presented to the state court and because the facts alleged in subpart 3(f) of the petition were never presented before. Subpart (f) of ground 3 claims the trial court failed to consider petitioner's Desert Storm military service when determining his competence to plead guilty.

A petitioner must present both the same federal legal theory and the same facts to the state court as he presents to the federal court to exhaust his claims. *Sandgathe v. Maass*, 314 F.3d 371, 371 (9th Cir. 2002). Petitioner has not done so here. Nowhere in his appeal briefs, either on direct appeal or on appeal post-conviction did petitioner claim an Eighth Amendment violation or assert that he was incompetent to plead guilty as a result of military service. Ground 3 is unexhausted as to the Eighth Amendment claim and as to the facts alleged in subpart 3(f).

### Ground 4

Ground 4 alleges the district court erred in dismissing his petition for writ of habeas corpus (post-conviction) without conducting an evidentiary hearing. Respondents argue that ground 4 of

5

the federal petition is unexhausted because petitioner did not present a due process claim in either his direct appeal or his appeal on post-conviction. A review of these briefs supports respondents' argument as to this claim. No mention of due process appears in either brief. Ground 4 is unexhausted.

### B.  Duplicative Claims

Respondents next argue that ground 3(a), 3(c) and 3(d) are duplicative of allegations presented in ground 1. 3(a) alleges counsel was ineffective for failing to adequately explore petitioner's competency to plead guilty - the same allegation as contained in ground 1(d). 3(c) alleges the district court abused its discretion under *Strickland* in failing to appoint post-conviction counsel - the same claim raised in ground 1(a). 3(d) alleges the court abused its discretion under *Strickland* when it did not conduct an evidentiary hearing to determine if petitioner's withdrawal of his first post-conviction petition was voluntary - the same claim presented in 1(b).

Grounds 3(a), 3(c) and 3(d) are duplicative.

### C.  Claims not Cognizable

Respondents argue that grounds 3 and 4 contain claims that are not cognizable in a federal habeas petition, including claims 3(b) and ground 4(d) and 4(e). 28 U.S.C. § 2254 allows federal courts to review convictions or sentences which "are in violation of the Constitution or laws or treaties of the United States." Ground 3(b) and ground 4(d) claim violations of the Nevada Constitution. Ground 4(e) complains of the state court's dismissal of the state court petition on procedural grounds. In addition to ground 4(e), the Court's review indicates that grounds 1(a), 1(b), 1(c), and ground 2(g) and 2(h) address issues of state law in that they all complain that the state court improperly dismissed his post conviction petition without conducting an evidentiary hearing to examine his claims of ineffective assistance of counsel[4] or dismissed the second petition as successive.

---

[4] While the claim discusses the ineffective performance of counsel, it is in the context of why an evidentiary hearing was warranted.

6

1    Federal habeas relief is not available for violations of state law. *See, Estelle v. McGuire*,
2 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to
3 reexamine state-court determinations on state-law questions. In conducting habeas review, a federal
4 court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the
5 United States.") Because these claims are clearly focused on violations of the Nevada state
6 constitution or the application of state procedural rules, federal review is not available.

7    Additionally, ground 3(g) and 4(f) raise petitioner's desires or perceived rights in the
8 handling of this federal petition. While these contentions are issues for consideration by this Court
9 generally in processing and reviewing his federal petition, they do not, of themselves, present claims
10 cognizable under 28 U.S.C. § 2254. As a result, the Court will dismiss grounds 1(a), 1(b), 1(c), 2(g),
11 2(h), 3(b), 3(c), 3(d), 3(g) and all of ground 4 as not cognizable in a federal habeas corpus action.

    D.    Mootness

13   Finally, respondents argue that ground 4(e) must be dismissed as moot. This claim asserts
14 that the district court erred in dismissing his second state post-conviction petition as successive.
15 Respondents note that the Nevada Supreme Court addressed and remedied this error when it
16 remanded the petitions to the district court for further review and the district court reviewed the
17 petitions on their merits. *See* Exhibits 71 and 81.

18   In order to retain jurisdiction over a matter, there must exist a present case or controversy.
19 *Spencer v. Kemna,* 521 U.S. 1, 7 (1998). Here, the claims have been redressed and the this court has
20 no jurisdiction as to those claims. *Sample v. Johnson,* 771 F.2d 1335, 1338 (9th Cir. 1985). Subpart
21 4(e) of the petition is moot.

**III.   Conclusion**

23   The motion to dismiss shall be granted in part and denied in part. Grounds 3(a), 3(c) and 3(d)
24 shall be dismissed as duplicative and grounds (1(a), 1(b), 1(c), 2(g), 2(h), 3(b), 3(c), 3(d), 3(g) and
25 all of ground 4 as not cognizable in a federal habeas corpus action. Ground 2, subpart (b) (petitioner
26 lost confidence in counsel and communication ceased); (c) (petition was coerced into pleading guilty

7

by letter from counsel) and (d) (petitioner was coerced into pleading guilty because counsel was unprepared to go to trial), as well as 3(f) (district court erred in not considering petitioner's military service in determining competency)  shall be dismissed as unexhausted.  Petitioner shall be permitted to proceed as to ground 1(d) and ground 2(a), 2(e) and 2(f) on his claims of ineffective assistance of counsel.  He shall further be permitted to proceed as to ground 3(e) which claims the trial court erred in failing to hold a competency hearing before permitting petitioner to plead guilty.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 17) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that ground 2, subpart (b) (petitioner lost confidence in counsel and communication ceased); (c) (petition was coerced into pleading guilty by letter from counsel) and (d) (petitioner was coerced into pleading guilty because counsel was unprepared to go to trial), as well as 3(f) (district court erred in not considering petitioner's military service in determining competency) are **DISMISSED WITHOUT PREJUDICE as unexhausted.** Any motion by petitioner seeking a stay and abeyance of the petition in order to exhaust these unexhausted claims must be made within thirty days of entry of this Order.

**IT IS FURTHER ORDERED** that grounds 1(a), 1(b), 1(c), 2(g), 2(h), 3(a), 3(b), 3(c), 3(d), 3(g) and all of ground 4 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that respondents shall file their answer to the surviving grounds for relief within sixty (60) days of entry of this order.  Petitioner shall have forty-five (45) days thereafter to file a reply.

DATED: February 24, 2011.

_____
PHILIP M. PRO
United States District Judge